CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

AUG 20 2024

BY: /s/ Laura Austin, Clerk
DEPUTY CLERK

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 1:24cr24 |
| | : | |
| v. | : | Violations: |
| | : | |
| JOHN LOSSON ARMSTRONG | : | 18 U.S.C. § 152(2) and (3) |
| DANA JEAN ARMSTRONG | : | 18 U.S.C. § 1623 |

**INDICTMENT**

The Grand Jury charges:

**Introduction**

1. On or about April 2, 2021, JOHN LOSSON ARMSTRONG and DANA JEAN ARMSTRONG (the "ARMSTRONGS"), residents of Dickenson County, Virginia, transferred approximately $52,641.22 in proceeds from the sale of property they owned at 918 Cannons Lane, Louisville, Kentucky (the "Cannons Lane Property") to a bank account owned by DANA JEAN ARMSTRONG's mother, J.B. On or about April 5, 2021, the ARMSTRONGS caused approximately $14,200.00 of the previously mentioned proceeds to be transferred to DANA JEAN ARMSTRONG's grandmother, B.M.

2. The remainder of the proceeds from the sale of the Cannons Lane Property were retained in J.B.'s bank account and used by J.B.

USAO No. 2023R00210

3. The ARMSTRONGS utilized J.B.'s bank account since at least December 2020, to deposit funds that belonged to the ARMSTRONGS and to pay bills owed by the ARMSTRONGS.

4. On or about January 31, 2022, the ARMSTRONGS filed a joint petition for Chapter 7 bankruptcy pursuant to Title 11, United States Code, with the United States Bankruptcy Court for the Western District of Virginia, Roanoke Division. Upon filing, the case was assigned case number 22-70047.

5. As part of their joint bankruptcy petition, the ARMSTRONGS were required to file under penalty of perjury supporting schedules of assets and a statement of financial affairs disclosing, among other information, their income, debts, property, and any transfers of property within the previous two years. The ARMSTRONGS also were required to participate in a "Section 341" Meeting of Creditors and a "Rule 2004 Examination." The "Section 341" Meeting of Creditors provided creditors, attorneys for creditors, the Chapter 7 bankruptcy trustee, and attorneys for the United States Trustee's Office an opportunity to ask the ARMSTRONGS questions, under oath, about their assets and liabilities and about the accuracy of their petition, schedules, and statement of financial affairs. The "Rule 2004 Examination" provided the Chapter 7 bankruptcy trustee and counsel for the United States Trustee an opportunity to ask the ARMSTRONGS questions,

USAO No. 2023R00210

under oath, about their assets and liabilities and about the accuracy of their petition, schedules, and statement of financial affairs.

6. On or about January 31, 2022, the ARMSTRONGS knowingly and fraudulently made false, material declarations and omissions under penalty of perjury in relation to their bankruptcy case. Specifically, in their schedules of assets and statement of financial affairs, the ARMSTRONGS failed to disclose (1) the sale of their Cannons Lane Property that had occurred within the previous two years; (2) payments they had made on debts owed to their family members within the previous year; and (3) their interest in J.B.'s bank account.

7. On or about March 17, 2022, the ARMSTRONGS knowingly and fraudulently made false, material statements under oath in relation to their pending bankruptcy case. Specifically, in a "Section 341" Meeting of Creditors, in response to questioning regarding payments made on prior debts to family members, the ARMSTRONGS falsely stated they did not repay a total of more than $2,000.00 to any family member to whom they owed money in the year before they filed for bankruptcy. At the time of the testimony, the ARMSTRONGS knew they had repaid over $52,000.00 in debts owed to family members during the year before they filed for bankruptcy.

8. On or about March 25, 2022, the ARMSTRONGS knowingly and fraudulently made false, material declarations and omissions under penalty of

USAO No. 2023R00210

perjury in relation to their bankruptcy case. Specifically, the ARMSTRONGS submitted an amended statement of financial affairs in which they failed to disclose payments made on debts owed to family members during the year before they filed for bankruptcy.

9. On or about July 21, 2022, during a "Rule 2004 Examination" in relation to their bankruptcy case, the ARMSTRONGS knowingly made material declarations under oath that were inconsistent with prior material declarations made under penalty of perjury, regarding payments made on debts owed to family members during the year before they filed for bankruptcy.

## COUNT ONE
### (False Bankruptcy Declaration – 18 U.S.C. § 152(3))

1. The information in the Introduction is realleged and incorporated by reference.

2. On or about January 31, 2022, in the Western District of Virginia, JOHN LOSSON ARMSTRONG and DANA JEAN ARMSTRONG knowingly and fraudulently made a material false declaration, certificate, verification, and statement under penalty of perjury as permitted under Section 1746 of Title 28, in and in relation to a case under Title 11, *In re: John L. Armstrong and Dana J. Armstrong*, Case No. 22-70047, by failing to disclose in their schedules of assets and statement of financial affairs: (1) the sale of their Cannons Lane Property that had occurred within the previous two years; (2) payments they had made on debts owed to their

family members within the previous year; and (3) their interest in J.B.'s bank account.

3. All in violation of Title 18, United States Code, Section 152(3).

## COUNT TWO
### (False Statement Under Oath – 18 U.S.C. § 152(2))

1. The information in the Introduction is realleged and incorporated by reference.

2. On or about March 17, 2022, in the Western District of Virginia, JOHN LOSSON ARMSTRONG and DANA JEAN ARMSTRONG knowingly and fraudulently made a false oath or account in and in relation to a case under Title 11, *In re: John L. Armstrong and Dana J. Armstrong*, Case No. 22-70047, by falsely stating under oath in a "Section 341" Meeting of Creditors that they did not repay a total of more than $2,000.00 to any family member to whom they owed money in the year before they filed for bankruptcy.

3. All in violation of Title 18, United States Code, Section 152(2).

## COUNT THREE
### (False Bankruptcy Declaration – 18 U.S.C. § 152(3))

1. The information in the Introduction is realleged and incorporated by reference.

2. On or about March 25, 2022, in the Western District of Virginia, JOHN LOSSON ARMSTRONG and DANA JEAN ARMSTRONG knowingly and fraudulently made a material false declaration, certificate, verification, and statement under penalty of perjury as permitted under Section 1746 of Title 28, in and in relation to a case under Title 11, *In re: John L. Armstrong and Dana J. Armstrong*, Case No. 22-70047, by failing to disclose in their amended statement of financial affairs payments made on debts owed to family members during the year before they filed for bankruptcy.

3. All in violation of Title 18, United States Code, Section 152(3).

## COUNT FOUR
### (False Declarations Before Court – 18 U.S.C. § 1623(a))

1. The information in the Introduction is realleged and incorporated by reference.

2. On or about March 17, 2022, in the Western District of Virginia, JOHN LOSSON ARMSTRONG and DANA JEAN ARMSTRONG, in a "Section 341" Meeting of Creditors in and ancillary to a bankruptcy proceeding, *In re: John L. Armstrong and Dana J. Armstrong*, Case No. 22-70047, in the United States Bankruptcy Court for the Western District of Virginia, knowingly testified under oath with respect to the aforesaid material matter as follows:

> Q. Did you repay -- either of you repay a total of more than $2,000 to any family member you owed money to in the one year before you filed bankruptcy?

**DANA JEAN ARMSTRONG:** No.

**JOHN LOSSON ARMSTRONG:** No.

3. On or about July 21, 2022, in the Western District of Virginia, JOHN LOSSON ARMSTRONG and DANA JEAN ARMSTRONG, in a "Rule 2004 Examination" in and ancillary to a bankruptcy proceeding, *In re: John L. Armstrong and Dana J. Armstrong*, Case No. 22-70047, in the United States Bankruptcy Court for the Western District of Virginia, knowingly testified under oath with respect to the aforesaid material matter as follows:

> Q. Now out of the closing for the Cannons Lane property, then it looks like you received $52,641.22 that was payable to the two of you. Is that accurate?
>
> JOHN LOSSON ARMSTRONG: Yes.
>
> Q. And were all of those funds deposited into [J.B.]'s account?
>
> JOHN LOSSON ARMSTRONG: Yes.
>
> **DANA JEAN ARMSTRONG: Correct. Which she then disbursed to the credit card.**
>
> ....
>
> Q. So, the question I have is, you know, having paid $52,000 to your mother, why did you indicate you hadn't paid money to family members?
>
> DANA JEAN ARMSTRONG: I think we understood that to be did we give family members money. No. Did we give money to family members to pay debts that we incurred, yes. So, I think we thought he

7

USAO No. 2023R00210

meant did we give money to family members, no, because family didn't get any money.

Q. The money borrowed from your grandmother, Ms. Armstrong, what was that money used for?

**DANA JEAN ARMSTRONG:   That -- well, she had lent us money in 2020 that we paid back.**

JOHN LOSSON ARMSTRONG:   We lived off of that.

DANA JEAN ARMSTRONG: Yeah. My grandmother also gave us money during that COVID period.

Q. Right. And according to this document which we've marked for identification as Exhibit 8, it indicates that $14,200 was received from your grandmother between July of 2020 and February of 2021.

DANA JEAN ARMSTRONG: Correct.

Q. Those funds you just lived off of?

JOHN LOSSON ARMSTRONG:   In 2020, yes.

Q. And when the closing happened and the money was deposited into your mother's account, she then paid her mother?

**DANA JEAN ARMSTRONG:   Correct, yes.**

**JOHN LOSSON ARMSTRONG:   Yes.**

…

Q. Okay. And this question asks "Did you make a payment on a debt you owed to anyone who was an insider? Insiders include your relatives," and I'll just stop there. So, you had within the one year made payments on debts owed to relatives, correct?

8

USAO No. 2023R00210

**JOHN LOSSON ARMSTRONG:  <u>Barely within one year, yes, sir.</u>**

4. It was material to the proceedings described in paragraphs 2 and 3 to determine whether or not JOHN LOSSON ARMSTRONG and DANA JEAN ARMSTRONG made any payment on a debt they owed to a family member within one year before they filed for bankruptcy.

5. JOHN LOSSON ARMSTRONG and DANA JEAN ARMSTRONG, while under oath in and ancillary to a bankruptcy proceeding, *In re: John L. Armstrong and Dana J. Armstrong*, Case No. 22-70047, in the United States Bankruptcy Court for the Western District of Virginia, knowingly made two or more declarations, underscored above, which were material to the point in question in each of the proceedings and inconsistent to the degree that one of them is necessarily false.

6. Each of the underscored declarations made by JOHN LOSSON ARMSTRONG and DANA JEAN ARMSTRONG were made within the period of the statute of limitations for the offense charged.

7. All in violation of Title 18, United States Code, Section 1623.

A TRUE BILL, this 20th day of August, 2024.

_____<br>/s/ Grand Jury Foreperson

*Christopher Kavanaugh by PDS*
CHRISTOPHER R. KAVANAUGH
United States Attorney

10

USAO No. 2023R00210